JAMIE Y. LEE, Bar No. 228389
LITTLER MENDELSON, P.C.
18565 Jamboree Road, Ste. 800
Irvine, CA  92612
Telephone: 949.705.3000
Fax No.:    949.724.1201
Email:  Jylee@littler.com

Attorneys for Defendant
INTERSTATE MANAGEMENT COMPANY, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIANEY CARACHURE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>INTERSTATE MANAGEMENT COMPANY, LLC., a Delaware limited liability company; AND DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT INTERSTATE MANAGEMENT COMPANY, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT ON THE BASIS OF DIVERSITY JURISDICTION**<br><br>[28 U.S.C. §§ 1332, 1441, 1446]<br><br>Complaint Filed:  December 3, 2021<br>Trial Date:  None set |

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

1

DEFENDANT INTERSTATE MANAGEMENT COMPANY, LLC'S NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF VIANEY CARACHURE AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Interstate Management Company, LLC ("Defendant"), hereby removes the above-captioned action from Orange County Superior Court in the State of California to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446.

## I. STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action under the diversity of citizenship statute. 28 U.S.C. § 1332(a). In relevant part, the diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice.

## II. PLEADINGS, PROCESS, AND ORDERS

2. On December 3, 2021, Plaintiff Vianey Carachure ("Plaintiff") filed a Complaint ("Complaint" or "Compl.") in Orange Superior Court, entitled *Vianey Carachure v. Interstate Management Company, LLC and Does 1-10 inclusive,* Case No. 30-2021-01234573-CU-WT-CJC (the "State Court Action"). The Complaint asserts the following causes of action: (1) Gender/Pregnancy Discrimination (Gov. Code § 12940(a)); (2) Gender/Pregnancy Harassment (Gov. Code § 12940(j)); (3) Retaliation for taking Pregnancy Leave (Gov. Code § 12945); (4) CFRA Retaliation (Gov. Code § 12945.2(1)); (5) Disability Discrimination (Gov. Code § 12940(a)); (6) Disability Harassment (Gov. Code § 12940(j)); (7) Retaliation for Complaining about Discrimination and Harassment (Gov. Code § 12940(h)); (8) Failure to Accommodate (Gov. Code § 12940(m)); (9) Failure to Engage in the Interactive Process (Gov. Code § 12940(n)); (10) Failure to Prevent Discrimination and Harassment (Gov. Code § 12940(k)); (11) Race Discrimination (Gov. Code § 12940(a)); (12) Race Harassment

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

2

DEFENDANT INTERSTATE MANAGEMENT COMPANY, LLC'S NOTICE OF REMOVAL

(Gov. Code § 12940(j)); (13) Wrongful Termination in Violation of Public Policy; (14) Whistleblower Retaliation (Labor Code § 1102.5); and (15) Meal and Rest Break Violations (Labor Code § 226.7).

3. On December 7, 2021, Plaintiff served Defendant with the Summons, Complaint for Damages, Civil Case Cover Sheet, Notice of Hearing-Case Management Conference and Alternative Dispute Resolution (ADR) Information Package. (Declaration of Jamie Y. Lee ("Lee Decl."), ¶ 2 & Exh. A).

4. On January 5, 2022, Defendant filed a general denial and affirmative defenses to the Complaint in Orange County Superior Court. (Lee Decl., ¶ 3 & Exh. B).

5. Pursuant to 28 U.S.C. § 1446(d), A & B constitute all process, pleadings, and orders filed in the State Court Action. (Lee Decl., ¶ 4). To Defendant's knowledge, no other process, pleadings, or orders related to this case have been filed or served by any party in the State Court Action. (*Id.*).

6. To Defendant's knowledge, no proceedings related hereto have been heard in the State Court Action and no other parties have been named or served with the Summons and Complaint in the State Court Action. (*Id.* at ¶¶ 5-6).

### III. TIMELINESS OF REMOVAL

7. This Notice of Removal is timely filed as it is filed within thirty (30) days of December 7, 2021, the date of service of the Summons and Complaint, and within one year from the commencement of the State Court Action. *See* 28 U.S.C. § 1446(b).

### IV. DIVERSITY JURISDICTION

8. This Court has original jurisdiction of the State Court Action based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). Pursuant to 28 U.S.C. § 1441(a) and (b), the State Court Action may be removed to this Court by Defendant because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs, as set forth below.

/ / /

## V. DIVERSITY OF CITIZENSHIP

9. <u>Plaintiff is a Citizen of California.</u> For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

10. At the time Plaintiff commenced the State Court Action, and at the time of removal, Plaintiff was a citizen of the State of California. Plaintiff alleges in the Complaint that she is "a resident of Orange County, California." (Compl. ¶ 2; *see also Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency can create a rebuttable presumption of domicile supporting diversity of citizenship); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Smith v. Simmons*, No. 1:05-CV-01187-OWW-GSA, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (place of residence provides "*prima facie*" case of domicile). Thus, Plaintiff is a citizen of California for diversity jurisdiction purposes.

11. <u>Defendant is not a Citizen of California.</u> For purposes of determining diversity jurisdiction, a limited liability company is a citizen of every state in which its members are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Similarly, a limited partnership is a citizen of every state in which its general and limited partners are citizens. *Id.*; *see also Carden v. Arkoma Assoc.*, 494 U.S. 185, 192-96 (1990).

12. Interstate Management Company, LLC, which manages the property known as Laguna Cliffs Marriott Resort and Spa (the "Hotel"), is a limited liability company with one member: Interstate Operating Company, L.P. (Declaration of Christine Nilluka ("Nilluka Decl"), ¶ 3.)

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

4

DEFENDANT INTERSTATE MANAGEMENT COMPANY, LLC'S NOTICE OF REMOVAL

13.     Interstate Operating Company, L.P. is a limited partnership having one member: (1) Interstate Hotels and Resorts, Inc. (Nilluka Decl., ¶ 4.)

14.     For purposes of diversity jurisdiction, a corporation is deemed a citizen of its State of incorporation and the State where it has its principal place of business. Section 28 U.S.C. § 1332(c)(1). As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), "the phrase 'principal place of business' [in Section 1332(c)(1)] refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that place the corporation's 'nerve center.' We believe that the 'nerve center' will typically be found at a corporation's headquarters." *Id.* at 80-81; *see also Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (corporation is citizen of state in which its corporate headquarters are located and where its executive and administrative functions are performed).

15.     Interstate Hotels and Resorts, Inc. was, at the time of the filing of this action, and still is, a corporation incorporated under the laws of the State of Delaware. (Nilluka Decl., ¶ 5.)  Interstate Hotels and Resorts, Inc.'s corporate headquarters, where its executive and administrative functions are located, is in Plano, Texas.  Although Interstate Hotels and Resorts, Inc. conducts business in multiple states, its business is coordinated through its headquarters in Plano, Texas, including making final decisions regarding all corporate-wide issues including decisions related to its operations, policies, legal matters, contracts, purchasing, public affairs, revenue management, advertising and marketing.  (*Id*.)  Thus, Interstate Hotels and Resorts, Inc. is a citizen of the State of Texas, where it has its principal place of business. (*Id*. at ¶¶ 2-5.)

16.     Accordingly, Defendant Interstate Management Company, LLC and each of its members are citizens of the Delaware and/or Texas.  Defendant is not and was not at the time Plaintiff commenced this action, a citizen of California. Therefore, Plaintiff is diverse in citizenship from Defendant.

17. The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(b) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

18. Therefore, since the Defendant is not a citizen of the forum State, *i.e.*, California, complete diversity exists for purposes of 28 U.S.C. § 1332. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

## VI. AMOUNT IN CONTROVERSY

19. Defendant only needs to show by a preponderance of the evidence (that it is more probable than not) that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996). Further, the U.S. Supreme Court has held under 28 U.S.C. § 1446(a), a defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). The Court further held this language tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure, and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id.* at 551, 553.

20. Here, the Court can reasonably ascertain from the Complaint and its Prayer for Damages that the amount in controversy exceeds $75,000. *See Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy." (internal citations and quotations omitted)).

21. Specifically, in her Complaint, Plaintiff seeks various forms of damages, including compensatory, general and special, and punitive damages, as well as attorneys' fees. (Compl., ¶¶ 70-74, 80-84, 92-97, 106-110, 123-127, 133-137, 142-146,

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

6
DEFENDANT INTERSTATE MANAGEMENT COMPANY, LLC'S NOTICE OF REMOVAL

153-157, 167-171, 177-181, 191-195, 205-209, 222-225, 240-244, 252-253, Prayer for Relief.)

22. At the time of Plaintiff's separation from employment on June 28, 2019, Plaintiff alleges that she earned $12 an hour plus $1300-$1700 in tips per week. (Compl., ¶ 8). Plaintiff alleges that she worked 11 hour shifts five or six days a week in her position as a restaurant server. (Compl., ¶ 16). Assuming that Plaintiff would have continued to work on a full-time basis and conservatively estimating that this case will go to trial in December 2022, or one year from the date Plaintiff filed her Complaint, back pay would be conservatively calculated at **$341,040** (($12/hour x 55 hrs/week) + $1300/week) x 174 weeks).

23. As set forth above, Plaintiff is also seeking recovery of general and special damages for "severe and lasting embarrassment, humiliation, mental anguish and emotional distress." (Compl., ¶¶ 72, 82, 95, 108, 125, 136, 144, 155, 169, 179, 193, 207, 224, 242, Prayer for Relief at ¶ 2.) These claims further augment her claim for past and future lost wages. *See Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999) (plaintiff's claims for pain and suffering and humiliation may properly be factored into jurisdictional analysis for purposes of removal); *see also Richmond v. Allstate Ins. Co.,* 897 F. Supp. 447, 450 (S.D. Cal. 1995) (noting that emotional distress damages, although vaguely pled, were potentially substantial and could factor into amount-in-controversy threshold); *Simmons v. PCR Technology,* 209 F. Supp. 2d 1029, 1033-34 (N.D. Cal. 2002) (acknowledging that while plaintiff was only employed by the defendant for four months, "emotional distress damages in a successful employment discrimination case may be substantial" and "may be considered when calculating the amount in controversy even where not clearly pled in the complaint"). In *Kroske v. U.S. Bank Corp.,* 432 F.3d 976 (9th Cir. 2005), the Ninth Circuit upheld the lower court's finding that the amount in controversy had been established. In reaching its holding, the Ninth Circuit reasoned that the plaintiff's "emotional distress damages

would add at least an additional $25,000 to her claim" where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Id.* at 980. Using the *Kroske* "formula" as a baseline, the emotional distress component of Plaintiff's claims could add at least **$25,000** to the amount in controversy, if not more.

24. The additional damages sought in Plaintiff's Complaint further exceed the requisite amount in controversy. Plaintiff also seeks punitive damages. (Compl., ¶¶ 73, 82, 96, 109, 126, 135, 145, 156, 170, 180, 194, 208, 225, 243, Prayer for Relief at ¶ 4.) The Court must take into account punitive damages for purposes of determining the amount in controversy where such damages are recoverable under state law. *Davenport v. Mut. Benefits Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady v. Mercedes-Benz USA, Inc.,* 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002); *Simmons v. PCR Tech.,* 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) (jury verdicts in other "cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases"). California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294. *Boyle v. Lorimar Prods., Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994). Additionally, employment discrimination cases have the potential for large punitive damages awards. *Simmons,* 209 F. Supp. 2d at 1033. A punitive damages award may equal as much as four times the amount of the actual damages award. *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). In *Aucina v. Amoco Oil, Co.*, 871 F. Supp. 332 (S.D. Iowa 1994), the defendant employer established that the amount in controversy exceeded the jurisdictional minimum in a discrimination and wrongful discharge lawsuit where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct," the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

8

DEFENDANT INTERSTATE MANAGEMENT COMPANY, LLC'S NOTICE OF REMOVAL

minimum. *Id.* at 334. Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were to prevail on her punitive damages claim, such claim alone could exceed the jurisdictional minimum.

25. Plaintiff also seeks recovery for attorneys' fees and costs. (Compl., ¶¶ 74, 84, 110, 127, 137, 146, 157, 171, 181, 195, 209, 244, 252, Prayer for Relief at ¶¶ 5-6.) It is well settled that when authorized by statute, attorneys' fees are to be included in the calculation of the amount of Plaintiff's claims for purposes of determining whether the requisite jurisdictional minimum is met. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be include in the amount in controversy"); *Brady*, 243 F. Supp. 2d at 1010-11 (in deciding amount in controversy issue, court may estimate amount of reasonable attorneys' fees likely to be recovered by plaintiff if she were to prevail). Even just considering Plaintiff's FEHA claims, the FEHA authorizes an award of reasonable attorneys' fees to a prevailing plaintiff. CAL. GOV'T CODE §12965(b). While Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award. *Simmons,* 209 F. Supp. 2d at 1034.

26. Moreover, a defendant may use damage awards in other cases to establish the amount in controversy. *Simmons,* 209 F. Supp. 2d at 1033. Attorneys' fee awards in FEHA cases can be sizeable. *See, e.g., Beaty v. BET Holdings, Inc*., 222 F.3d 607, 609-14 (9th Cir. 2000) (recognizing that award of attorneys' fees of $376,520 may be appropriate in FEHA where compensatory damages were only $30,000, but remanding to district court to clarify whether court had properly exercised its discretion to consider reducing the fee award). Other California courts have upheld large attorneys' fee awards in FEHA cases. *See Flannery v. Prentice*, 26 Cal. 4th 572 (2001) (affirming award of attorney's fees and costs of $891,042); *Mangold v. Cal. Pub. Utils. Comm'n,* 67 F.3d 1470, 1479 (9th Cir. 1995) (affirming $724,380 attorneys' fee award in FEHA and

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

9
DEFENDANT INTERSTATE MANAGEMENT COMPANY, LLC'S NOTICE OF REMOVAL

ADEA case where plaintiffs' damages awards were significantly less). Thus, Plaintiff's demand for attorneys' fees further increases the amount in controversy.

27. Finally, Plaintiff seeks such open-ended relief "[f]or such other and further relief as the court may deem just, proper, and equitable." (Compl., Prayer for Relief at ¶ 11.) Although uncertain in amount, these additional damages claims only serve to increase the amount in controversy. *See Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932-934 (W.D. Tenn. 2004) ("open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met amount in controversy requirement even though she plead in the complaint that she did not assert claim in excess of $75,000.)

28. In sum, although Defendant does not concede Plaintiff's claims have any merit, based on the above information, it is certain that the amount in controversy for Plaintiff's claims more likely than not exceeds the $75,000 jurisdiction requirement, exclusive of interest and costs. Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in the State Court Action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

## VII. VENUE

29. Venue lies in the Central District of California, Southern Division, pursuant to 28 U.S.C. sections 84(c)(2), 1441(a), and 1446(a). Plaintiff originally brought the State Court Action in the Superior Court of the State of California, County of Orange. Pursuant to 28 U.S.C. § 84(c)(2), the appropriate assignment of the State Court Action is to the Southern Division of this Court.

## VIII. NOTICE OF REMOVAL

30. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, the undersigned is providing written notice of such filing to Plaintiff's counsel of record: Kristin A. Webb, Sessions

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

10

DEFENDANT INTERSTATE MANAGEMENT COMPANY, LLC'S NOTICE OF REMOVAL

& Kimball LLP, 23456 Madero, Suite 179, Mission Viejo, California, 92691; kaw@job-law.com. (Lee Decl., ¶ 7). In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Orange. (*Id*.)

WHEREFORE, Defendant Interstate Management Company, LLC prays that the Court remove this civil action from the Superior Court of the State of California, County of Orange, to the United States District Court for the Central District of California.

Dated: January 6, 2022

LITTLER MENDELSON P.C.

*/s/ Jamie Y. Lee*
Jamie Y. Lee
Attorneys for Defendant
INTERSTATE MANAGEMENT COMPANY, LLC