# EXHIBIT A

# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
12/07/2021
CT Log Number 540701789

**TO:** Greg Moundas, Executive V.P. General Counsel
Aimbridge Hospitality LLC
5851 Legacy Cir Ste 400
Plano, TX 75024-5979

**RE:** **Process Served in California**

**FOR:** INTERSTATE MANAGEMENT COMPANY, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:** Re: VIANEY CARACHURE, an individual // To: INTERSTATE MANAGEMENT COMPANY, LLC

**DOCUMENT(S) SERVED:** --

**COURT/AGENCY:** None Specified
Case # 30202101234573CUWTCJ C

**NATURE OF ACTION:** Employee Litigation - Wrongful Termination

**ON WHOM PROCESS WAS SERVED:** C T Corporation System, GLENDALE, CA

**DATE AND HOUR OF SERVICE:** By Process Server on 12/07/2021 at 02:41

**JURISDICTION SERVED :** California

**APPEARANCE OR ANSWER DUE:** None Specified

**ATTORNEY(S) / SENDER(S):** None Specified

**ACTION ITEMS:** CT will retain the current log

Image SOP

Email Notification,  KAREN KOVACH  karen.kovach@aimhosp.com

Email Notification,  Laura Vesely  laura.vesely@aimhosp.com

Email Notification,  Nicole Graves  nicole.graves@aimhosp.com

Email Notification,  Matt Dreyfuss  matthew.dreyfuss@aimhosp.com

**REGISTERED AGENT ADDRESS:** C T Corporation System
330 N BRAND BLVD
STE 700
GLENDALE, CA 91203
866-665-5799
SouthTeam2@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other

 **CT Corporation**

**Service of Process
Transmittal**
12/07/2021
CT Log Number 540701789

**TO:**   Greg Moundas, Executive V.P. General Counsel
Aimbridge Hospitality LLC
5851 Legacy Cir Ste 400
Plano, TX 75024-5979

**RE:**   **Process Served in California**

**FOR:**   INTERSTATE MANAGEMENT COMPANY, LLC  (Domestic State: DE)

advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**          Tue, Dec 7, 2021

**Server Name:**   Douglas Forrest

| Entity Served | INTERSTATE MANAGEMENT COMPANY, L.L.C. |
|---|---|
| Case Number | 3 0 2 0 2 1 0 1 2 3 4 5 7 3CUWTCJC |
| Jurisdiction | CA |



Case 8:22-cv-00020-JLS-JDE Document 1-2 Filed 01/06/22 Page 5 of 55 Page ID #:19
Electronically Filed by Superior Court of California, County of Orange, 12/03/2021 08:22:21 AM.
30-2021-01234573-CU-WT-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

|  | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:** Interstate Management Company, LLC., a Delaware
*(AVISO AL DEMANDADO):* limited liability company and DOES 1 through 10,
inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:** Vianey Carachure, an individual.
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Orange<br>700 Civic Center Drive West<br>Santa Ana, California 92701 | CASE NUMBER:<br>*(Número del Caso):* 30-2021-01234573-CU-WT-CJC<br><br>Judge John C. Gastelum |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Kristin A. Webb
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Sessions & Kimball LLP

23456 Madero, Suite 170, Mission Viejo, CA 92691                    (949) 380-0900

| DATE:<br>*(Fecha)* 12/03/2021 DAVID H. YAMASAKI, Clerk of the Court | Clerk, by<br>*(Secretario)* *Katie Trent* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).* Katie Trent

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Interstate Management Company LLC, a Delaware limited liability company

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☑ other *(specify):* LLC

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov*<br>Westlaw Doc & Form Builder™ |
|---|---|---|

Case 8:22-cv-00020-JLS-JDE   Document 1-2   Filed 01/06/22   Page 6 of 55   Page ID #:20
Electronically Filed by Superior Court of California, County of Orange, 12/03/2021 08:22:21 PM.
30-2021-01234573-CU-WT-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.

1  **SESSIONS & KIMBALL LLP**
   **Attorneys at Law**
2  Kristin A. Webb, SBN 302740
   23456 Madero, Suite 170
3  Mission Viejo, California 92691
   kaw@job-law.com
4
   Tel: (949) 380-0900
5  Fax: (949) 380-8283
6  Attorneys for Plaintiff,
   VIANEY CARACHURE
7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF ORANGE

                                    30-2021-01234573-CU-WT-CJC
10
   VIANEY CARACHURE, an individual,      **COMPLAINT**
11
              Plaintiff,                 1)  Gender/Pregnancy Discrimination (Gov.
12                                            Code § 12940(a));
   v.                                    2)  Gender/Pregnancy Harassment (Gov.
13                                            Code §12940(j));
                                         3)  Retaliation for taking Pregnancy Leave
14 INTERSTATE MANAGEMENT                      (Gov. Code § 12945);
   COMPANY, LLC., a Delaware limited     4)  CFRA Retaliation (Gov. Code
15 liability company; AND DOES 1 through      12945.2(1));
   10, inclusive,                        5)  Disability Discrimination (Gov. Code
16                                            §12940(a));
              Defendants.                6)  Disability Harassment (Gov. Code §
17                                            12940(j));
                                         7)  Retaliation for Complaining about
18                                            Discrimination and Harassment (Gov.
                                              Code § 12940(h));
19                                       8)  Failure to Accommodate (Gov. Code §
                                              12940(m));
20                                       9)  Failure to Engage in the Interactive
                                              Process (Gov. Code § 12940(n));
21                                       10) Failure to Prevent Discrimination and
                                              Harassment (Gov. Code § 12940(k));
22                                       11) Race Discrimination (Gov. Code §
                                              12940(a));
23                                       12) Race Harassment (Gov. Code § 12940(j));
                                         13) Wrongful termination in Violation of
24                                            Public Policy
                                         14) Whistleblower Retaliation (Labor Code
25                                            §1102.5)
                                         15) Meal and Rest Break Violations (Labor
26                                            Code § 226.7)
                                         **JURY TRIAL DEMANDED**
27                                       **Assigned for All Purposes**

28                                       Judge John C. Gastelum

                                   -1-
                                COMPLAINT

1   Plaintiff, VIANEY CARACHURE (hereinafter "PLAINTIFF" or "CARACHURE"),

2   complains and alleges as follows:

3   **PRELIMINARY ALLEGATIONS**

4   1.   The amount in controversy is in excess of the minimum jurisdiction of this court.

5   2.   PLAINTIFF is, and at all times mentioned herein was, a resident of Orange County,

6   California and the acts giving rise to this action occurred in Orange County, California.

7   3.   Defendant, INTERSTATE MANAGEMENT COMPANY, LLC is a Delaware limited

8   liability company doing business in Orange County, California.

9   4.   The true names and capacities of DOES 1 through 10 inclusive, whether individual,

10   corporate, associate or otherwise, are unknown to PLAINTIFF, who therefore sues such DOES

11   by fictitious names pursuant to California Code of Civil Procedure section 474.  PLAINTIFF will

12   amend the Complaint to show their true names and capacities once they have been ascertained.

13   INTERSTATE MANAGEMENT COMPANY, LLC and all DOES are collectively referred to as

14   "DEFENDANTS."

15   5.   PLAINTIFF is further informed and believes, and thereon alleges, that each of the

16   fictitiously named DEFENDANTS is responsible in some manner for the occurrences herein

17   alleged, and that PLAINTIFF'S injuries and damages as alleged herein were proximately caused

18   by their conduct.

19   6.   PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS, and

20   each of them, at all relevant times herein were the agents, employees, servants, joint venturers,

21   alter egos, parents, subsidiaries, management companies, holding companies, directors,

22   fiduciaries, representatives, and/or co-conspirators of each of the remaining DEFENDANTS.

23   The DEFENDANTS, in doing the things hereinafter alleged, were acting within the course and

24   scope of such relationship and are responsible in some manner for the occurrences herein alleged

25   and, as a proximate cause, of PLAINTIFF'S damages as herein alleged.

26   **FACTUAL BACKGROUND**

27   7.   PLAINTIFF, worked for DEFENDANTS for 12 years from April 20, 2007, until her

28   termination on June 28, 2019, at the Laguna Cliffs Marriott location.

- 2 -

COMPLAINT

8.    PLAINTIFF was hired as a Coffee Shop attendant and worked her way up to a full-time OverVue Restaurant Server. She earned $12 per hour and approximately $1,300- $1,700 in tips per week at the time of her termination.

9.    During PLAINTIFF's employment with DEFENDANT, she suffered from Celiac's Disease. PLAINTIFF's Celiac disease caused her to suffer from daily brain fog, weakened body, being bloated and extreme pain if she was unable to use the bathroom or eat food as needed. PLAINTIFF could only eat gluten free breads and crackers because of her Celiac's disease.

10.    PLAINTIFF informed her boss at the time, Zach Albert, of her chronic illness before her third pregnancy.

11.    Zach was initially helpful and stated she could take off time as she needed. However, as time passed, and she grew more disabled due to her third pregnancy exacerbating the Celiac's symptoms, she wasn't allowed to take time off, or come in later, or even have bathroom breaks as needed.  Marriott eventually targeted Vianey with discipline and termination due to her pregnancy and disability.

12.    PLAINTIFF's pregnancy worsened her Celiac symptoms such that when she was pregnant she was really slow and couldn't lift herself to ascend stairs sometimes because of swelling and joint problems arising from the way her body responded to pregnancy with Celiac. Due to this disability, she could handle 3-4 tables while pregnant, whereas she could do 12-15 before pregnancy.  PLAINTIFF experienced more frequent urination, brain fuzziness, weakened muscles, constant state of hungriness, felt sick all the time, and was extremely bloated and in pain.

13.    Many of Vianey's coworkers knew her pregnancy and Celiac's were making her sick and they would help her out when they could. Her co-workers tried to cover her tables for a break or aided in putting heavy menus out.

14.    PLAINTIFF told her supervisor, Zach Albert, that she needed break and bathroom accommodations because of her disability. However, her request for accommodations were ignored.

15.    DEFENDANTS made life very difficult for OverVu Servers by scheduling them for

- 3 -

COMPLAINT

1    long shifts, constantly being short staffed, and forcing employees to work through their meal and

2    rest breaks daily.

3        16.   PLAINTIFF started as an OverVu Restaurant Server since the end of the summer of

4    2011. As a server, PLAINTIFF worked very long hours, worked back-to-back shifts totaling

5    approximately 11 hours. PLAINTIFF worked these long hours five to six times a week.

6        17.   PLAINTIFF usually had to work through her break because they were constantly

7    understaffed, and if she received a break it was late. Before her third pregnancy, Vianey was too

8    scared to speak up about the issue for fear of retaliation from management.

9        18.   On or around August 14, 2018, PLAINTIFF was four months pregnant, working an

10   extremely busy shift, and about ten minutes away from the nearest employee restroom.

11   PLAINTFF was not permitted to have a timely rest break or meal and she used the guest

12   bathroom instead of the employee bathroom out of necessity.

13       19.   DEFENDANTS knew PLAINTIFF had a pregnancy disability and had Celiac's

14   disease which made her urinate frequently. DEFENDANTS punished PLAINTIFF for using the

15   guest bathroom.

16       20.   DEFENDANT did not punish other employees for using the guest bathroom, although

17   it was frequently done by employees and management knew about it.

18       21.   PLAINTIFF's manager, Brandon, called her into his office for a disciplinary meeting.

19   DEFENDANTS gave PLAINTIFF a written disciplinary action because there was a witness who

20   saw PLAINTIFF use the guest bathroom. PLAINTIFF's boss, Brandon, stated PLAINTIFF

21   would "lose her job if things like this kept happening."

22       22.   PLAINTIFF explained she could not wait anymore because she was four months

23   pregnant and suffered from her chronic illness. PLAINTIFF also stated that they were short on

24   staff, and no one was able to cover for her.

25       23.   PLAINTIFF asked if other employees were being disciplined for using the guest

26   bathroom because a lot of employees do it every day. Brandon got defensive and told

27   PLAINTIFF that he knew she was pregnant, and it was not an excuse.

28       24.   During the disciplinary meeting, PLAINTIFF complained to her manager, Brandon,

1  about meal and rest break violations, lack of pregnancy and disability accommodations, and

2  health code violations. Brandon failed to document PLAINTIFF's complaints despite his duty as

3  a manager to do so. DEFENDANT did not record PLAINTIFF's complaints, did not investigate

4  and took no corrective actions to address the problems.

5      25.  During the disciplinary meeting, PLAINTIFF complained about servers not being

6  allowed to take breaks. They were always busy, short staffed, and managers never helped.

7  PLAINTIFF complained that she was always hungry and in pain from not being able to use the

8  bathroom.

9      26.  PLAINTIFF also complained about DEFENDANTS engaging in fraud to pass health

10  department inspections. On days that the health departments would investigate the kitchen,

11  PLAINTIFF saw changed expiration dates on salad dressings to hide that they were too old to

12  serve, she saw staff hide water pitchers that were normally, illegally, left out on the bar even

13  though everyone knew it was a violation.

14      27.  Brandon dismissed PLAINTIFF's complaints about wage and hour issues, restroom

15  access, her pregnancy accommodations, and the health code violations even though PLAINTIFF

16  made a serious complaint.

17      28.  Brandon Wise and his assistant Jeff Catubig, retaliated against PLAINTIFF because of

18  her complaints. During their meeting, Brandon had asked his assistant, Jeff, to write down

19  PLAINTIFF's complaints but Jeff did not. Instead, Jeff began to retaliate against PLAINTIFF.

20      29.  After the meeting, PLAINTIFF requested to add her complaints to the disciplinary

21  record, but Brandon told her "no," because he already gave it to HR. PLAINTIFF followed up

22  with HR but they told her that she couldn't add her complaints because they could not find the

23  disciplinary document. PLAINTIFF was not allowed to document her complaints.  DEFENDANT

24  did have a copy of the disciplinary paperwork against her.

25      30.  DEFENDANT did not investigate or take corrective action to fix the issues

26  PLAINTIFF complained about.

27      31.  PLAINTIFF began her pregnancy leave on or around November 23, 2018, and

28  returned from leave on or around March 9, 2019.

- 5 -

32. DEFENDANTS continued to discriminate and retaliate against PLAINTIFF when she returned from her pregnancy leave.

33. Three days after PLAINTIFF returned from her pregnancy leave, she received a retaliatory disciplinary action. PLAINTIFF was written up for not having the proper uniform the day she returned to work, being thirty minutes late, and not having the right nametag. These minor logistical issues were blown out of proportion because PLAINTIFF's managers, Brandon, and Jeff, continued to retaliate against her for making protected complaints before going on leave and due to her pregnancy and disability.

34. DEFENDANTS were looking for any reason to justify firing PLAINTIFF.

35. On or around March 12, 2019, after PLAINTIFF's shift, Zach Albert, Brandon Wise, and Jeff Catubig all discussed her disciplinary action. PLAINTIFF's managers tried to intimidate PLAINTIFF by telling her that many changes were made while she was on leave and that if she was a new hire she would have been fired from her mistakes. Her managers failed to consider that she was returning from a difficult pregnancy and still suffered from her Celiac's disease and needed accommodations, not discipline.

36. On or around April and May 2019, PLAINTIFF requested accommodations such as fewer hours because she felt she was incapable of performing at the same level due to her post-pregnancy disability. PLAINTIFF requested to be on the on-call position or become part-time because she was struggling to recover from her recent pregnancy disability, suffering from her Celiac's disease, post-partum depression symptoms, sleep issues, and was not given adequate breaks or lactation accommodations at work.

37. DEFENDANTS denied PLAINTIFF's requests for accommodations to her schedule. PLAINTIFF continued to work long hours between five to six days a week.

38. PLAINTIFF once again requested an accommodation to work less hours when a new manager, Kevin Do, took over Zach's managerial position. DEFENDANTS continued to deny PLAINTIFF's request for accommodations.

39. PLAINTIFF continued to work long hours with few breaks. She continued to suffer from Celiac's disease and recovering from her pregnancy which caused her to be in a constant

- 6 -

1    state of hunger, pain, and fatigue.

2        40.    PLAINTIFF once again requested accommodations. PLAINTIFF asked Brandon if

3    she could go part-time.  DEFENDANTS intimidated PLAINTIFF by telling her they would cut

4    down her hours but when slow season came, she might not get any hours at all.

5        41.    DEFENDANTS consistently failed to provide PLAINTIFF with lactation

6    accommodations. PLAINTIFF requested accommodation to pump breast milk in an office. Kevin

7    Do, told her use Jeff's office. However, she was not provided with a key.  Jeff's office almost was

8    always locked or people were in there in a meeting – rendering it unavailable for pumping.

9    PLAINTIFF was forced to pump breast milk in a toilet stall or her car.

10       42.    PLAINTIFF's coworker occasionally covered for PLAINTIFF's work duties, to allow

11   her a break for pumping because she saw how much pain PLAINTIFF was in and there was no

12   other way PLAINTIFF could get the time to pump.

13       43.    DEFENDANTS knew PLAINTIFF needed an appropriate space to pump her breast

14   milk, knew or should have known that the office they asked her to use was not actually available

15   to her, and thus failed to provide an appropriate space for lactation, as required by the Labor

16   Code.

17       44.    PLAINTIFF made multiple complaints about working long hours without breaks for

18   meals, bathroom, pumping, or enough days off. PLAINTIFF was in constant pain because of her

19   disabilities and it was made worse by DEFENDANT's failure to provide reasonable

20   accommodations and appropriate meal and rest breaks. PLAINTIFF suffered from fatigue, pain,

21   hunger, painful swelling and lumps on her breasts from not being able to pump, and had

22   depression, brain fog, and sleeping problems.

23       45.    PLAINTIFF was overworked, lacked sleep, suffered from post-partum depression.

24   PLAINTIFF was unable to eat during her breaks because she needed to pump her breast milk in

25   her car because DEFENDANTS failed to provide her an appropriate space to pump and breaks.

26       46.    DEFENDANTS failed to engage in the interactive process to accommodate

27   PLAINTIFF's disabilities. Instead, DEFENDANTS continued to undermine and then criticize her

28   job performance.

47.   On or around May 22, 2019, PLAINTIFF had a disciplinary meeting with Brandon and Kevin. PLAINTIFF was told she was not the same: she was formerly a star worker and now she was falling apart. PLAINTIFF was suffering from her worsened Celiac's disease, post-partum depression, and pregnancy disabilities. She informed her managers that she was not feeling well and was tired.

48.   On or around June 14, 2019, PLAINTIFF had a meeting with her managers, Brandon and Kevin. During this meeting PLAINTIFF again requested accommodations to work fewer hours because she was overworked, sick, and needed less days. After several requests that were ignored – resulting in her suffering and getting more tired, burned out, and sicker, Defendant finally yielded to Plaintiff's request for accommodations.  The next schedule PLAINTIFF was given two days of work.

49.   On or around June 25, 2019, PLAINTIFF went to work to cover a shift for another employee. PLAINIFF was with her coworker, Christine Foley, when PLAINTIFF tried a gluten free bread. PLAINTIFF's manager, Jeff, saw her eating in the kitchen.

50.   DEFENDANTS suspended PLAINTIFF for three days over the incident. Although DEFENDANT asserted that it prohibited employees from eating in the kitchen, it was a common practice for employees to eat in the kitchen without discipline.  Additionally, employees were allowed to try the food as part of the job. At the time that Vianey ate the bread, the kitchen and lounge were closed.

51.   Vianey's manager, Jeff Catubig, who saw her eating in the kitchen and issued the discipline, regularly engaged in the same purportedly forbidden activity – eating in the kitchen and on the banquet tables at the Marriott.  Other employees did so, too, and were not disciplined. There was double standard where Marriott management broke the very rules it selectively enforced against Vianey.

52.   DEFENDANTS did not suspend anyone else for eating in the kitchen. DEFENDANTS did not care about the cracker incident; they were just looking for any reason to fire PLAINTIFF.

53.   DEFENDANTS racially discriminated against PLAINTIFF during her suspension

- 8 -

1     meeting by telling her "Of course a person like you would be failing in everything, you had it

2     coming," referring to her being Hispanic.

3        54.    PLAINTIFF's supervisors Brandon and Jeff harassed and discriminated against her

4     because of her National Origin. They repeatedly talked down and insulted her because of her

5     accent.

6        55.    Since, PLAINTIFF began working with Jeff, he made rude and inappropriate

7     comments implying that she was dumb, slow, and incapable of reading and understanding

8     documents because English was her second language.

9        56.    On or around June 28, 2019, DEFENDANTS terminated PLAINTIFF's employment.

10    DEFENDANTS wrongfully terminated PLAINTIFF's employment due to continuing

11    discrimination, harassment, retaliation, and for making protected complaints that DEFENDANTS

12    refused to correct.

13                 **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

14        57.    PLAINTIFF filed a Complaint with the California Department of Fair

15    Employment and Housing ("DFEH") on December 3, 2021 (Attached as Exhibit "A").

16        58.    The DFEH thereafter issued PLAINTIFF a Notice of Case Closure and Right-to-

17    Sue Letter dated December 3, 2021 (attached as Exhibit "B").

18        59.    PLAINTIFF has, therefore, exhausted all required administrative remedies.

19                     **Tolling of Statute of Limitations**

20        60.    Pursuant to the California Rules of Court, Appendix I, Emergency Rules Related

21    To COVID-19, Emergency rule 9., (Subd (a) amended effective May 29, 2020), Tolling

22    statutes of limitations for civil causes of action, "Notwithstanding any other law, the statutes of

23    limitations and repose for civil causes of action that exceed 180 days are tolled from April 6,

24    2020, until October 1, 2020."

25        61.    Each of CARACHURE's causes of action have statutes of limitations longer than

26    180 days and thus were tolled under C.R.C., Emergency Rule 9, from April 6, 2020, until

27    October 1, 2020.

28                       **FIRST CAUSE OF ACTION**

**Gender/Pregnancy Discrimination**
**(Violation of Gov. Code § 12940(a), 12926(r)(1))**
**[Against All Defendants]**

62.     PLAINTIFF realleges and hereby incorporates by reference the allegations of paragraphs 1 through 61, inclusive, with the same force and effect as if said paragraphs were fully set forth herein.

63.     At all times material hereto, DEFENDANTS were employers within the meaning of Government Code § 12926(d). DEFENDANTS were prohibited from discriminating in employment decisions, including layoffs, termination terms, conditions, or privileges of employment, on the basis of gender and pregnancy pursuant to Government Code § 12940(a) and § 12926(r)(1).

64.     PLAINTIFF was a pregnant employee of DEFENDANTS protected by Government Code § 12940(a), which prohibits discrimination in employment on the basis of pregnancy.

65.     DEFENDANTS discriminated against PLAINTIFF because of her gender and pregnancy.

66.     DEFENDANTS fired PLAINTIFF after she returned on leave due to her pregnancy.

67.     PLAINTIFF's pregnancy was a motivating reason for DEFENDANT's decision to terminate PLAINTIFF's employment.

68.     PLAINTIFF has been subjected to disparate treatment by DEFENDANTS because of her pregnancy in violation of Government Code § 12940(a).

69.     DEFENDANTS' conduct was a substantial factor in causing PLAINTIFF harm.

70.     As a direct, foreseeable and proximate result of DEFENDANTS, and each of their behaviors, PLAINTIFF has suffered, and continues to suffer, substantial losses in past and future earnings, bonuses, deferred compensation and other employment benefits, all to PLAINTIFF's damage in an amount according to proof at trial.

71.     As a result of DEFENDANTS' behavior, PLAINTIFF has suffered and incurred,

- 10 -

1   and is presently suffering and incurring, serious harm and damage to PLAINTIFF's personal and

2   professional reputation and credibility all to PLAINTIFF's damage in an amount according to

3   proof at trial.

4   72.    As a result of DEFENDANTS' behavior, PLAINTIFF has suffered, and continues

5   to suffer, severe and lasting embarrassment, humiliation, mental anguish and emotional distress,

6   and incidental and consequential damages and expenses, all to PLAINTIFF's damage in an

7   amount according to proof at trial.

8   73.    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS

9   and their managing agents and employees committed the acts described herein deliberately,

10  callously, maliciously, fraudulently, and in an oppressive manner intended to injure PLAINTIFF

11  and that such improper motives amounted to malice and a conscious disregard of her rights. In

12  doing the acts as herein alleged, DEFENDANTS, and their managing agents and employees, were

13  acting pursuant to the authorization of DEFENDANTS. An award of punitive damages against

14  DEFENDANTS is therefore warranted.

15  74.    As a result of the discriminatory conduct of DEFENDANTS, as alleged herein,

16  PLAINTIFF is entitled to costs of suit, including reasonable attorney's fees, pursuant to

17  Government Code § 12965(b), in an amount according to proof at trial.

18
19  **SECOND CAUSE OF ACTION**
    **Gender/Pregnancy Harassment**
    **(Violation of Gov. Code § 12940(j))**
    **[Against All DEFENDANTS]**
20

21  75.    PLAINTIFF repeats and re-alleges each and every allegation contained in paragraphs 1

22  through 74 inclusive and incorporates the same by reference as though fully set forth herein.

23  76.    The Fair Employment and Housing Act prohibits an employer or any person to

24  harass an employee because of a gender and pregnancy.

25  77.    At all times herein relevant, DEFENDANTS and each of them, were employers,

26  supervisory employees and/or employees subject to the provisions of FEHA. At all times herein

27  relevant, PLAINTIFF was and is an employee subject to the protections of FEHA.

28  78.    By their conduct and actions alleged above, DEFENDANTS, and each of them,

- 11 -

1   continually harassed PLAINTIFF because of her gender and pregnancy and subjected PLAINTIFF

2   to intolerable work environment.

3       79.   DEFENDANTS knew PLAINTIFF was harassed because of her gender and pregnancy

4   and failed to take immediate, appropriate, or proper corrective action.

5       80.   As a direct, foreseeable and proximate result of DEFENDANTS' behavior,

6   PLAINTIFF has suffered, and continues to suffer, substantial losses in past earnings, bonuses,

7   deferred compensation and other employment benefits, all to PLAINTIFF's damage in an amount

8   according to proof at trial.

9       81.   As further direct, foreseeable and proximate result of DEFENDANTS' behavior,

10  PLAINTIFF has suffered and incurred, and is suffering and incurring, serious harm and damage to

11  PLAINTIFF's personal and professional reputation and credibility, and DEFENDANTS having

12  subjected PLAINTIFF to such treatment, all to PLAINTIFF's damage in an amount according to

13  proof at trial.

14      82.   PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS

15  committed the acts described herein deliberately, callously, maliciously, fraudulently and in an

16  oppressive manner intended to injure PLAINTIFF and that such improper motives amounted to

17  malice and a conscious disregard of PLAINTIFF's rights. An award of punitive damages against

18  DEFENDANT is therefore warranted.

19      83.   As a further direct, foreseeable and proximate result of DEFENDANTS' behavior,

20  PLAINTIFF has suffered, and continues to suffer, severe and lasting embarrassment, humiliation,

21  mental anguish and emotional distress, and incidental and consequential damages and expenses, all

22  to PLAINTIFF's damage in an amount according to proof at trial.

23      84.   As a result of the discriminatory conduct of DEFENDANTS, and each of them, as

24  alleged herein, PLAINTIFF is entitled to costs of suit, including reasonable attorney's fees,

25  pursuant to Government Code § 12965(b), in according to proof at trial.

26

27                          **THIRD CAUSE OF ACTION**
                       **Retaliation for Taking Pregnancy Leave**
28                          **(Violation of Gov. Code § 12945)**

                                    - 12 -

**[Against All DEFENDANTS]**

85.     PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 84, inclusive, and incorporates the same herein by reference as though fully set forth herein.

86.     At all times material hereto, DEFENDANTS were employers within the meaning of Government Code § 12926(d). DEFENDANTS were prohibited from retaliating in employment decisions, including layoffs, terminations terms, conditions, or privileges of employment, on the basis of pregnancy and pregnancy leave pursuant to Government Code sections 12945 and 12926.

87.     PLAINTIFF was a pregnant employee of DEFENDANTS protected by Government Code § 12945, which affords employees protected leave and otherwise prohibits retaliation in employment on the basis of pregnancy

88.     Under FEHA, PLAINTIFF was entitled to take a pregnancy leave up to a maximum of four months from the time she began her pregnancy leave. This leave is under FEHA is also known as Pregnancy Disability Leave ("PDL").

89.     DEFENDANTS terminated PLAINTIFF's employment on June 28, 2019, as a form of retaliation for taking pregnancy leave.

90.     PLAINTIFF's pregnancy/ taking pregnancy leave was a motivating and substantial factor for DEFENDANTS' decision to terminate PLAINTIFF's employment.

91.     PLAINTIFF has been subjected to retaliation by DEFENDANTS because of her pregnancy in violation of Government Code section 12945.

92.     As a result of DEFENDANTS behavior, PLAINTIFF has suffered, and continues to suffer, substantial losses in past and future earnings, bonuses, deferred compensation, and other employment benefits, all to her damage in an amount according to proof at trial.

93.     DEFENDANTS' conduct was a motivating and substantial factor in causing PLAINTIFF's harm.

94.     As a result of DEFENDANTS' behavior, PLAINTIFF has suffered and incurred, and is presently suffering and incurring, serious harm and damage to her personal and

- 13 -

1   professional reputation and credibility all to PLAINTIFF's damage in an amount according to

2   proof at trial.

3       95.    As a result of DEFENDANTS' behavior, PLAINTIFF has suffered, and continues

4   to suffer, severe and lasting embarrassment, humiliation, mental anguish and emotional distress,

5   and incidental and consequential damages and expenses, all to PLAINTIFF's damage in an

6   amount according to proof at trial.

7       96.    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS

8   committed the acts described herein deliberately, callously, maliciously, fraudulently, and in an

9   oppressive manner intended to injure PLAINTIFF and that such improper motives amounted to

10   malice and a conscious disregard of her rights. An award of punitive damages against

11   DEFENDANTS is therefore warranted.

12       97.    As a result of the discriminatory conduct of DEFENDANTS, as alleged herein,

13   PLAINTIFF is entitled to costs of suit, including reasonable attorney's fee, pursuant to

14   Government Code section 12965(b), in an amount according to proof at trial.

15   

### FOURTH CAUSE OF ACTION
#### CFRA Retaliation
#### (Violation of Gov. Code § 12945.2(1) and 2 Cal. C.Regs §7291.13(c))
#### [Against all DEFENDANTS]

16   

17   

18       98.  PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1

through 97, inclusive, and incorporates the same by reference as if fully set forth herein.

19       99.  At all times mentioned herein, PLAINTIFF was employed by DEFENDANTS.

20       100.  At all times material hereto, DEFENDANTS were employers within the meaning of

21   Government Code §§ 12926(d) and 12945.2(3).

22       101.  PLAINTIFF was eligible for up to 12 weeks for care for the employees own health

23   condition.

24       102.  At the end of the PLAINTIFF's pregnancy disability, PLAINTIFF was eligible for up

25   to 12 workweeks for reason of birth of her child.

26       103.  DEFENDANTS retaliated against PLAINTIFF for taking CFRA leave after the birth of

27   her child.

28   

- 14 -

1    104. DEFENDANTS terminated PLAINTIFF's employment in violation of California

2   Government Code §12945.2 and California Code of Regulations Title 2, §7291.13(c) because

3   PLAINTIFF took a CFRA leave.

4    105. DEFENDANT abruptly terminated PLAINTIFF's employment when she returned from

5   her CFRA leave.

6    106. As a direct, foreseeable and proximate result of DEFENDANTS, and each of their

7   behaviors, PLAINTIFF has suffered, and continues to suffer, substantial losses in past and future

8   earnings, bonuses, deferred compensation, and other employment benefits, all to PLAINTIFF's

9   damage in an amount according to proof at trial.

10    107. As a result of DEFENDANTS' behavior, PLAINTIFF has suffered and incurred and is

11   presently suffering and incurring, serious harm and damage to PLAINTIFF's personal and

12   professional reputation and credibility, all to PLAINTIFF's damage in an amount according to

13   proof at trial.

14    108. As a result of DEFENDANTS' behavior, PLAINTIFF has suffered, and continues to

15   suffer, severe and lasting embarrassment, humiliation, mental anguish and emotional distress, and

16   incidental and consequential damages and expenses, all to PLAINTIFF's damage in an amount

17   according to proof at trial.

18    109. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS and

19   their managing agents and employees committed the acts described herein deliberately, callously,

20   maliciously, fraudulently and in an oppressive manner intended to injure PLAINTIFF and that

21   such improper motived amounted to malice and a conscious disregard of PLAINTIFF's rights. In

22   doing the acts herein alleged, DEFENDANTS, and their managing agents and employees, were

23   acting pursuant to the authorization of DEFENDANTS. An award of punitive damages against

24   DEFENDANTS is therefore warranted.

25    110. As a result of the discriminatory conduct of DEFENDANTS, and each of them, as

26   alleged herein, PLAINTIFF is entitled to costs of suit, including reasonable attorney's fees,

27   pursuant to Government Code § 12965(b), in according to proof at trial.

28                           **FIFTH CAUSE OF ACTION**

- 15 -

COMPLAINT

**Disability Discrimination**
**(Violation of Gov. Code § 12940(a))**
**[Against All Defendants]**

111.  PLAINTIFF realleges and hereby incorporates by reference the allegations of paragraphs 1 through 110, inclusive, with the same force and effect as if said paragraphs were fully set forth herein.

112.  At all times mentioned herein, PLAINTIFF was employed by DEFENDANTS.

113.  PLAINTIFF was employed by DEFENDANTS and was protected by California Government Code section 12940(a), which prohibits discrimination in employment on the basis of a disability.

114.  At all times material hereto, DEFENDANTS were employers withing the meaning of California Government Codes sections 12926, and as such were prohibited from discriminating in employment decisions, including layoffs, terminations, job eliminations, and demotions, on the basis of disability.

115.  PLAINTIFF suffered from multiple disabilities: Celiac's disease, pregnancy disability, and post-partum.

116.  PLAINTIFF's pregnancy exacerbated her Celiac disease. PLAINTIFF requested accommodations of frequent breaks and bathroom access, but DEFENDANTS failed to accommodate.

117.  PLAINTIFF was able to perform her essential job duties, with reasonable accommodation for her condition.

118.  DEFENDANTS knew PLAINTIFF was suffering from these disabilities and needed accommodations.

119.  DEFENDANTS discriminated against PLAINTIFF for having these disabilities and taunted her for "falling apart."

120.  DEFENDANTS refused to accommodate PLAINTIFF or engage in the interactive process.

121.  During PLAINTIFF's employment with DEFENDANTS, she was discriminated

- 16 -

COMPLAINT

1    against on the basis of her disability. DEFENDANTS retaliated against her and terminated her in

2    violation of Government Code § 12940(a).

3        122. PLAINTIFF was harmed and DEFENDANTS' conduct was a substantial factor in

4    causing PLAINTIFF's harm.

5        123. As a direct, foreseeable and proximate result of DEFENDANTS, and each of their

6    behaviors, PLAINTIFF has suffered, and continues to suffer, substantial losses in past and future

7    earnings, bonuses, deferred compensation, and other employment benefits, all to PLAINTIFF's

8    damage in an amount according to proof at trial.

9        124. As a result of DEFENDANTS' behavior, PLAINTIFF has suffered and incurred, and is

10   presently suffering and incurring, serious harm and damage to PLAINTIFF's personal and

11   professional reputation and credibility, all to PLAINTIFF's damage in an amount according to

12   proof at trial.

13       125. As a result of DEFENDANTS' behavior, PLAINTIFF has suffered and continues to

14   suffer, severe and lasting embarrassment, humiliation, mental anguish and emotional distress, and

15   incidental and consequential damages and expenses, all to PLAINTIFF's damage in an amount

16   according to proof at trial.

17       126. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS and

18   their managing agents and employees committed the acts described herein deliberately, callously,

19   maliciously, fraudulently and in an oppressive manned intended to injure PLAINTIFF and that

20   such improper motives amounted to malice and a conscious disregard of PLAINTIFF's rights. In

21   doing the acts as herein alleged, DEFENDANTS, and their managing agents and employees, were

22   acting pursuant to the authorization of DEFENDANTS. An award of punitive damages against

23   DEFENDANTS is therefore warranted.

24       127. As a result of the discriminatory conduct of DEFENDANTS, and each of them, as

25   alleged herein, PLAINTIFF is entitled to costs of suit, including reasonable attorney's fees,

26   pursuant to Government Code § 12965(b), in according to proof at trial.

27

28                              **SIXTH CAUSE OF ACTION**

                                        - 17 -

                                       COMPLAINT

**Disability Harassment**
**(Violation of Gov. Code § 12940(j))**
**[Against all DEFENDANTS]**

128. PLAINTIFF repeats and re-alleges each and every allegation contained in paragraphs 1 through 127, inclusive, and incorporates the same herein by reference as though fully set forth herein.

129. The Fair Employment and Housing Act prohibits an employer or any person to harass an employee because of a disability.

130. At all times herein relevant, DEFENDANTS and each of them, were employers, supervisory employees and/or employees subject to the provisions of FEHA. At all times herein relevant, PLAINTIFF was and is an employee subject to the protections of FEHA.

131. By their conduct and actions alleged above, DEFENDANTS, and each of them, continually harassed PLAINTIFF because of her disability and subjected PLAINTIFF to intolerable work environment.

132. DEFENDANTS knew PLAINTIFF was harassed because of her disability and failed to take immediate, appropriate, or proper corrective action.

133. As a direct, foreseeable and proximate result of DEFENDANTS' behavior, PLAINTIFF has suffered, and continues to suffer, substantial losses in past earnings, bonuses, deferred compensation and other employment benefits, all to PLAINTIFF's damage in an amount according to proof at trial.

134. As further direct, foreseeable and proximate result of DEFENDANTS' behavior, PLAINTIFF has suffered and incurred, and is suffering and incurring, serious harm and damage to PLAINTIFF's personal and professional reputation and credibility, and DEFENDANTS having subjected PLAINTIFF to such treatment, all to PLAINTIFF's damage in an amount according to proof at trial.

135. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS committed the acts described herein deliberately, callously, maliciously, fraudulently and in an oppressive manner intended to injure PLAINTIFF and that such improper motives amounted to

- 18 -

COMPLAINT

1  malice and a conscious disregard of PLAINTIFF's rights. An award of punitive damages against

2  DEFENDANT is therefore warranted.

3      136.  As a further direct, foreseeable and proximate result of DEFENDANTS' behavior,

4  PLAINTIFF has suffered, and continues to suffer, severe and lasting embarrassment, humiliation,

5  mental anguish and emotional distress, and incidental and consequential damages and expenses, all

6  to PLAINTIFF's damage in an amount according to proof at trial.

7      137.  As a result of the discriminatory conduct of DEFENDANTS, and each of them, as

8  alleged herein, PLAINTIFF is entitled to costs of suit, including reasonable attorney's fees,

9  pursuant to Government Code § 12965(b), in according to proof at trial.

10                        **SEVENTH CAUSE OF ACTION**
11          **Retaliation for Complaints about Discrimination and Harassment**
                    **(Violation of Gov. Code § 12940 (h))**
12                        **[Against All Defendants]**

13      138.  PLAINTIFF repeats and re-alleges each and every allegation contained in

14  paragraphs 1 through 137, inclusive, and incorporates them by references as though fully set forth

15  herein.

16      139.  At all times material hereto, PLAINTIFF was an employee, protected by

17  Government Code § 12940 (a), (j), and (h), which prohibits retaliation for complaining about

18  discrimination and harassment in employment.

19      140.  PLAINTIFF engaged in protected activity under California Government Code

20  section 12940(h) by opposing and complaining about a discriminatory, harassing, and hostile

21  work environment created by DEFENDANTS as described above.

22      141.  PLAINTIFF's complaints regarding harassment and discrimination were a

23  motivating and substantial reason for DEFENDANTS to force PLAINTIFF's termination.

24      142.  As a direct, foreseeable and proximate result of DEFENDANTS, PLAINTIFF has

25  suffered, and continues to suffer, substantial losses in past and future earnings, deferred

26  compensation, and other employment benefits, all to PLAINTIFF's damage in an amount

27  according to proof of trial.

28      143.  As further direct, foreseeable and proximate result of DEFENDANTS behaviors,

- 19 -

COMPLAINT

1   PLAINTIFF has suffered and incurred, and is suffering and incurring, serious harm and damage

2   to PLAINTIFF's personal and professional reputation and credibility, all to PLAINTIFF's

3   damage in an amount according to proof at trial.

4       144.   As further direct, foreseeable and proximate result of DEFENDANTS behavior,

5   PLAINTIFF has suffered, and continues to suffer, sever and lasting embarrassment, humiliation,

6   mental anguish and emotional distress, and incidental and consequential damages and expenses,

7   all to PLAINTIFF's damage in an amount according to proof at trial.

8       145.   PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS

9   committed the acts described herein deliberately, callously, maliciously, fraudulently and in an

10   oppressive manner intended to injure PLAINTIFF and that such improper motives amounted to

11   malice and a conscious disregard to PLAINTIFF's rights as set forth herein. In doing the acts as

12   herein alleged, DEFENDANTS were acting pursuant to DEFENDANTS authorization and

13   ratification. An award of punitive damages against DEFENDANTS is therefore warranted.

14       146.   As a result of retaliatory conduct of DEFENDANTS, PLAINTIFF is entitled to

15   costs of suit, including reasonable attorney's fees, pursuant to Government Code § 12965(b), in

16   an amount according to proof at trial.

17                          **EIGHTH CAUSE OF ACTION**
                              **Failure to Accommodate**
18                          **(Violation of Gov. Code § 12940(m))**
                              **[Against all DEFENDANTS]**
19

20       147.   PLAINTIFF repeats and re-alleges each and every allegation contained in

21   paragraphs 1 through 146 inclusive and incorporates the same by reference as if fully set forth

22   herein.

23       148.   At all times mentioned herein, PLAINTIFF was employed by DEFENDANTS.

24       149.   At all times material hereto, DEFENDANTS were employers within the meaning of

25   Government Code § 12926(d).

26       150.   PLAINTIFF was willing and able to perform the essential job duties and functions

27   of her position with reasonable accommodation for her disability. At no time would the

28   performance of the duties of the employment position, with reasonable accommodation for

                                    - 20 -

1  PLAINTIFF's physical disability, have been to danger to PLAINTIFF or any other person's health
2  or safety, nor would it have created an undue hardship to the operation of DEFENDANTS
3  business.

4      151.   DEFENDANTS failed to provide reasonable accommodation for PLAINTIFF's
5  disability and terminated her employment.

6      152.   DEFENDANTS failure to provide a reasonable accommodation was a substantial
7  factor in causing PLAINTIFF's harm.

8      153.   As a direct, foreseeable and proximate result of DEFENDANTS, and each of their
9  behaviors, PLAINTIFF has suffered, and continues to suffer, substantial losses in past and future
10  earnings, bonuses, deferred compensation, and other employment benefits, all to PLAINTIFF's
11  damage in an amount according to proof at trial.

12      154.   As a result of DEFENDANTS's behavior, PLAINTIFF has suffered and incurred,
13  and is presently suffering and incurring, serious harm and damage to PLAINTIFF's personal and
14  professional reputation and credibility, all to PLAINTIFF's damage in an amount according to
15  proof at trial.

16      155.   As a result of DEFENDANTS' behavior, PLAINTIFF has suffered, and continues to
17  suffer, severe and lasting embarrassment, humiliation, mental anguish and emotional distress, and
18  incidental and consequential damages and expenses, all to PLAINTIFF's damage in an amount
19  according to proof at trial.

20      156.   PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS and
21  their managing agents and employees committed the acts described herein deliberately, callously,
22  maliciously, fraudulently and in an oppressive manner intended to injure PLAINTIFF and that
23  such improper motives amounted to malice and a conscious disregard of PLAINTIFF's rights. In
24  doing the acts as herein alleged, DEFENDANTS, and their managing agents and employees, were
25  acting pursuant to the authorization of DEFENDANTS.  An award of punitive damages against
26  DEFENDANT is therefore warranted.

27      157.   As a result of the discriminatory conduct of DEFENDANTS, and each of them, as
28  alleged herein, PLAINTIFF is entitled to costs of suit, including reasonable attorney's fees,

- 21 -

1  pursuant to Government Code § 12965(b), in according to proof at trial.

2

3                          **NINTH CAUSE OF ACTION**
                    **Failure to Engage in the Interactive Process**
4                       **(Violation of Gov. Code § 12940(n))**
                           **[Against all DEFENDANTS]**
5
6      158.   PLAINTIFF repeats and re-alleges each and every allegation contained in

7  paragraphs 1 through 157 inclusive and incorporates the same by reference as though fully set

   forth herein.
8
       159.   At all times mentioned herein, PLAINTIFF was employed by DEFENDANTS.
9
       160.   At all times material hereto, DEFENDANTS were employers within the meeting of
10
   Government Code §12926(d).
11
       161.   PLAINTIFF had a disability that was known to DEFENDANTS.
12
       162.   DEFENDANTS never made a reasonable accommodation for PLAINTIFF's
13
   disability so that she would be able to perform her essential job functions.
14
       163.   DEFENDANTS failed to engage in a timely, good faith interactive process with
15
   PLAINTIFF to determine whether reasonable accommodations could be made to perform the
16
   essential functions of her job.
17
       164.   DEFENDANTS terminated PLAINTIFF because of her disability without engaging
18
   in the interactive process in violation of Government Code § 12940(n).
19
       165.   PLAINTIFF was willing and able to perform the essential job duties and functions
20
   of her position with reasonable accommodation for her disability. At no time would the
21
   performance of the duties of the employment position, with reasonable accommodation for
22
   PLAINTIFF's physical disability, have been a danger to PLAINTIFF of any other person's health
23
   or safety, nor would it have created an undue hardship to the operation of DEFENDANTS
24
   business.
25
       166.   DEFENDANTS failure to engage in good faith interactive process was a substantial
26
   factor in causing PLAINTIFF's harm
27
       167.   As a direct, foreseeable and proximate result of DEFENDANTS, and each of their
28
                                    - 22 -

1  behaviors, PLAINTIFF has suffered, and continues to suffer, substantial losses in past and future

2  earnings, bonuses, deferred compensation, and other employment benefits, all to PLAINTIFF's

3  damage in an amount according to proof at trial.

4         168.   As a result of DEFENDANTS's behavior, PLAINTIFF has suffered and incurred,

5  and is presently suffering and incurring, serious harm and damage to PLAINTIFF's personal and

6  professional reputation and credibility, all to PLAINTIFF's damage in an amount according to

7  proof at trial.

8         169.   As a result of DEFENDANTS' behavior, PLAINTIFF has suffered, and continues to

9  suffer, severe and lasting embarrassment, humiliation, mental anguish and emotional distress, and

10  incidental and consequential damages and expenses, all to PLAINTIFF's damage in an amount

11  according to proof at trial.

12         170.   PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS and

13  their managing agents and employees committed the acts described herein deliberately, callously,

14  maliciously, fraudulently and in an oppressive manner intended to injure PLAINTIFF and that

15  such improper motives amounted to malice and a conscious disregard of PLAINTIFF's rights. In

16  doing the acts as herein alleged, DEFENDANTS, and their managing agents and employees, were

17  acting pursuant to the authorization of DEFENDANTS.  An award of punitive damages against

18  DEFENDANT is therefore warranted.

19         171.   As a result of the discriminatory conduct of DEFENDANTS, and each of them, as

20  alleged herein, PLAINTIFF is entitled to costs of suit, including reasonable attorney's fees,

21  pursuant to Government Code § 12965(b), in according to proof at trial.

22

23                          **TENTH CAUSE OF ACTION**
                    **Failure to Prevent Discrimination and Harassment**
24                      **(Violation of Gov. Code § 12940(k))**
                           **[Against all DEFENDANTS]**
25
          172.   PLAINTIFF repeats and re-alleges each and every allegation contained in
26
   paragraphs 1 through 171, inclusive, and incorporates the same herein by reference as if fully set
27
   forth herein.
28

                                          - 23 -

173.   At all times material hereto, PLAINTIFF was an employee. Protected by Government Code § 12940(k), which prohibits harassment and discrimination in employment on the basis of gender, race, pregnancy, and a disability.

174.   At all times material hereto, DEFENDANTS were employers within the meaning of Government Code § 12926(d), and as such were prohibited from harassing and discrimination against employees on the basis of gender, pregnancy, and a disability.

175.   PLAINTIFF was subjected to discrimination on the basis of her gender, race, pregnancy, and disability.

176.   Therefore, DEFENDANTS failed to take reasonable steps to prevent PLAINTIFF from being unlawfully discriminate against due to her pregnancy.

177.   As a direct, foreseeable and proximate result of DEFENDANTS, and each of their behaviors, PLAINTIFF has suffered, and continues to suffer, substantial losses in past and future earnings, bonuses, deferred compensation, and other employment benefits, all to PLAINTIFF's damage in an amount according to proof at trial.

178.   As a result of DEFENDANTS's behavior, PLAINTIFF has suffered and incurred, and is presently suffering and incurring, serious harm and damage to PLAINTIFF's personal and professional reputation and credibility, all to PLAINTIFF's damage in an amount according to proof at trial.

179.   As a result of DEFENDANTS' behavior, PLAINTIFF has suffered, and continues to suffer, severe and lasting embarrassment, humiliation, mental anguish and emotional distress, and incidental and consequential damages and expenses, all to PLAINTIFF's damage in an amount according to proof at trial.

180.   PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS and their managing agents and employees committed the acts described herein deliberately, callously, maliciously, fraudulently and in an oppressive manner intended to injure PLAINTIFF and that such improper motives amounted to malice and a conscious disregard of PLAINTIFF's rights. In doing the acts as herein alleged, DEFENDANTS, and their managing agents and employees, were acting pursuant to the authorization of DEFENDANTS.  An award of punitive damages against

- 24 -

COMPLAINT

1    DEFENDANT is therefore warranted.

2        181.   As a result of the discriminatory conduct of DEFENDANTS, and each of them, as

3    alleged herein, PLAINTIFF is entitled to costs of suit, including reasonable attorney's fees,

4    pursuant to Government Code § 12965(b), in according to proof at trial.

5

6                          **ELEVENTH CAUSE OF ACTION**
                                **Race Discrimination**
7                          **(Violation of Gov. Code § 12940(a))**
                              **[Against all DEFENDANTS]**

8        182.   PLAINTIFF repeats and realleges each and every allegation contained in paragraphs

9    1 through 181, inclusive, and incorporates the same herein by reference as if fully set forth herein.

10       183.   At all times mentioned herein, PLAINTIFF was employed by DEFENDANTS.

11       184.   PLAINTIFF is protected by Government Code § 12940(j), which prohibits

12   discrimination in employment based on race.

13       185.   DEFENDANTS are employers within the meaning of Government Code § 12926

14   and subject to suit under the California Fair Employment and Housing Act ("FEHA"),

15   Government Code § 12900, *et. Seq.*

16       186.   PLAINTIFF is Hispanic and Spanish her first language.

17       187.   DEFENDANTS used PLAINTIFF's race criticize her job performance, her ability to

18   understand English, her accent, and to treat her differently than her white colleagues.

19       188.   DEFENDANTS engaged in discriminating conduct against PLAINTIFF because of

20   her race, as described above.

21       189.   DEFENDANTS and/or its agents and supervisors knew of these harassing actions as

22   described above because they received complaints from PLAINTIFF.

23       190.   DEFENDANTS conduct was a substantial factor in causing PLAINTIFF's harm.

24   The conduct was pervasive, and a reasonable person would consider the working environment

25   hostile.

26       191.   As a direct, foreseeable and proximate result of DEFENDANTS, and each of their

27   behaviors, PLAINTIFF has suffered, and continues to suffer, substantial losses in past and future

28

                                      - 25 -

1  earnings, bonuses, deferred compensation, and other employment benefits, all to PLAINTIFF's

2  damage in an amount according to proof at trial.

3      192.   As a result of DEFENDANTS's behavior, PLAINTIFF has suffered and incurred,

4  and is presently suffering and incurring, serious harm and damage to PLAINTIFF's personal and

5  professional reputation and credibility, all to PLAINTIFF's damage in an amount according to

6  proof at trial.

7      193.   As a result of DEFENDANTS' behavior, PLAINTIFF has suffered, and continues to

8  suffer, severe and lasting embarrassment, humiliation, mental anguish and emotional distress, and

9  incidental and consequential damages and expenses, all to PLAINTIFF's damage in an amount

10  according to proof at trial.

11      194.   PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS and

12  their managing agents and employees committed the acts described herein deliberately, callously,

13  maliciously, fraudulently and in an oppressive manner intended to injure PLAINTIFF and that

14  such improper motives amounted to malice and a conscious disregard of PLAINTIFF's rights. In

15  doing the acts as herein alleged, DEFENDANTS, and their managing agents and employees, were

16  acting pursuant to the authorization of DEFENDANTS.  An award of punitive damages against

17  DEFENDANT is therefore warranted.

18      195.   As a result of the discriminatory conduct of DEFENDANTS, and each of them, as

19  alleged herein, PLAINTIFF is entitled to costs of suit, including reasonable attorney's fees,

20  pursuant to Government Code § 12965(b), in according to proof at trial.

21

22                              **TWELFTH CAUSE OF ACTION**
                                      **Race Harassment**
23                              **(Violation of Gov. Code § 12940(j))**
                                   **[Against all DEFENDANTS]**
24
        196.   PLAINTIFF repeats and realleges each and every allegation contained in paragraphs
25
    1 through 195, inclusive, and incorporates the same herein by reference as if fully set forth herein.
26
        197.   At all times mentioned herein, PLAINTIFF was employed by DEFENDANTS.
27
        198.   PLAINTIFF is protected by Government Code § 12940(a), which prohibits
28

1   harassment in employment based on race.

2       199.   DEFENDANTS are employers within the meaning of Government Code § 12926

3   and subject to suit under the California Fair Employment and Housing Act ("FEHA"),

4   Government Code § 12900, *et. Seq*.

5       200.   PLAINTIFF is Hispanic and Spanish is her first language.

6       201.   DEFENDANTS used PLAINTIFF's race criticize her job performance, her ability

7   to understand English, her accent, and to treat her differently than her white colleagues.

8       202.   DEFENDANTS engaged in discriminating conduct against PLAINTIFF because of

9   her race, as described above.

10       203.   DEFENDANTS and/or its agents and supervisors knew of these harassing actions as

11   described above because they received complaints from PLAINTIFF.

12       204.   DEFENDANTS conduct was a substantial factor in causing PLAINTIFF's harm.

13   The conduct was pervasive, and a reasonable person would consider the working environment

14   hostile.

15       205.   As a direct, foreseeable and proximate result of DEFENDANTS, and each of their

16   behaviors, PLAINTIFF has suffered, and continues to suffer, substantial losses in past and future

17   earnings, bonuses, deferred compensation, and other employment benefits, all to PLAINTIFF's

18   damage in an amount according to proof at trial.

19       206.   As a result of DEFENDANTS's behavior, PLAINTIFF has suffered and incurred,

20   and is presently suffering and incurring, serious harm and damage to PLAINTIFF's personal and

21   professional reputation and credibility, all to PLAINTIFF's damage in an amount according to

22   proof at trial.

23       207.   As a result of DEFENDANTS' behavior, PLAINTIFF has suffered, and continues to

24   suffer, severe and lasting embarrassment, humiliation, mental anguish and emotional distress, and

25   incidental and consequential damages and expenses, all to PLAINTIFF's damage in an amount

26   according to proof at trial.

27       208.   PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS and

28   their managing agents and employees committed the acts described herein deliberately, callously,

1    maliciously, fraudulently and in an oppressive manner intended to injure PLAINTIFF and that

2    such improper motives amounted to malice and a conscious disregard of PLAINTIFF's rights. In

3    doing the acts as herein alleged, DEFENDANTS, and their managing agents and employees, were

4    acting pursuant to the authorization of DEFENDANTS.  An award of punitive damages against

5    DEFENDANT is therefore warranted.

6        209.   As a result of the discriminatory conduct of DEFENDANTS, and each of them, as

7    alleged herein, PLAINTIFF is entitled to costs of suit, including reasonable attorney's fees,

8    pursuant to Government Code § 12965(b), in according to proof at trial.

9

10                    **THIRTEENTH CAUSE OF ACTION**
           **Wrongful Termination in Violation of Public Policy**

11                 **(Violation of Gov. Code 12940(j))**
                  **[Against all DEFENDANTS]**

12        210.   PLAINTIFF repeats and realleges each and every allegation contained in paragraphs

13    1 through 209, inclusive, and incorporates the same by reference as if fully set for herein.

14        211.   PLAINTIFF was an employee for DEFENDANTS.

15        212.   At all times herein mentioned, the following statues were in full force and effect and

16    delineated fundamental, substantial, and well-establish policies that benefit the public at large

17    rather than private interests and were binding upon DEFENDANTS at the time of PLAINTIFF's

18    employment and termination:

19        213.   **Cal. Gov. Code § 12940(h)** prohibits retaliation based on complaints about

20    harassment or discrimination.

21        214.   **Cal. Gov. Code § 12940(k)** prohibits and employer's failure to prevent

22    discrimination and harassment.

23        215.   **Cal. Gov. Code § 12945.2** prohibits retaliation for an employee taking an approved

24    FMLA/CFRA medical leave.

25        216.   **Cal. Gov. Code § 12940(a)** prohibits discrimination against an employee on the

26    basis of gender, race, pregnancy, and disability.

27        217.   **Labor Code § 1102.5** prohibits retaliation for complaints about illegalities in the

28

- 28 -

COMPLAINT

1   workplace.

2        218.   DEFENDANTS wrongfully terminated PLAINTIFF on June 28, 2019, because of

3   her disability, and in retaliation for her disability, CFRA leave, gender, race, and pregnancy

4   complaints.

5        219.   On information and belief. PLAINTIFF's prior complaints to DEFENDANTS about

6   disability harassment and discrimination was a motivating and substantial factor for

7   DEFENDANTS to terminate PLAINTIFF.

8        220.   DEFENDANTS subjected PLAINTIFF to several illegal actions during her

9   employment, which created extreme and intolerable working conditions. Intolerable working

10  conditions exist when there is continuous course of the employer violating state or federal laws in

11  the industry in which it is engaged.

12       221.   DEFENDANTS conduct was a substantial factor in causing PLAINTIFF's harm.

13       222.   As a direct, foreseeable and proximate result of DEFENDANTS, and each of their

14  behaviors, PLAINTIFF has suffered, and continues to suffer, substantial losses in past and future

15  earnings, bonuses, deferred compensation, and other employment benefits, all to PLAINTIFF's

16  damage in an amount according to proof at trial.

17       223.   As a result of DEFENDANTS's behavior, PLAINTIFF has suffered and incurred,

18  and is presently suffering and incurring, serious harm and damage to PLAINTIFF's personal and

19  professional reputation and credibility, all to PLAINTIFF's damage in an amount according to

20  proof at trial.

21       224.   As a result of DEFENDANTS' behavior, PLAINTIFF has suffered, and continues to

22  suffer, severe and lasting embarrassment, humiliation, mental anguish and emotional distress, and

23  incidental and consequential damages and expenses, all to PLAINTIFF's damage in an amount

24  according to proof at trial.

25       225.   PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS and

26  their managing agents and employees committed the acts described herein deliberately, callously,

27  maliciously, fraudulently and in an oppressive manner intended to injure PLAINTIFF and that

28  such improper motives amounted to malice and a conscious disregard of PLAINTIFF's rights. In

- 29 -

COMPLAINT

1  doing the acts as herein alleged, DEFENDANTS, and their managing agents and employees, were

2  acting pursuant to the authorization of DEFENDANTS.  An award of punitive damages against

3  DEFENDANT is therefore warranted.

### FOURTEENTH CAUSE OF ACTION
**Whistleblower Retaliation**
**(Violation of Labor Code § 1102.5)**
**[Against all DEFENDANTS]**

226.   PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 225, inclusive, and incorporates the same by reference as if fully set forth herein.

227.   At all times material hereto, PLAINTIFF was an employee, protected by Labor Code § 1102.5, which prohibits whistleblower retaliation.

228.   At all times material hereto, DEFENDANTS were employers within the meaning of California Labor Code §1132.2, and as such were prohibited from engaging in whistleblower retaliation.

229.   Under Labor Code § 1102.5, DEFENDANTS were prohibited from retaliation against PLAINTIFF for disclosing information about the violation of a federal, state, or local statue, rule or regulation to any person who has authority over PLAINTIFF or anyone without authority to investigate.

230.   DEFENDANTS knew that PLAINTIFF disclosed to her managers, who had authority to investigate, discover, or correct legal violations about unlawful actions, including but not limited to: disability discrimination and harassment, gender discrimination and harassment, pregnancy discrimination and harassment, race discrimination and harassment, retaliation for taking CFRA leave.

231.   In this case, DEFENDANTS wrongfully terminated PLAINTIFF for disclosing unlawful conduct to management including but not limited to the following violations:

232.   **Gender/Pregnancy Discrimination/Harassment:** PLAINTIFF complained that she was being discriminated and harass because of gender and for being pregnant, and she knew that was illegal (Gov. Code § 12940(a)).

- 30 -

COMPLAINT

1      233.   **Disability Discrimination/Harassment:** PLAINTIFF complained that she was

2    being discriminated against because of her disability and she knew that was illegal (Gov. Code §

3    12940(a)).

4      234.   **Disability Harassment:** PLAINTIFF complained that she was being harassed

5    because of her disability (Gov. Code § 12940(j)).

6      235.   PLAINTIFF reasonably believed that DEFENDANTS actions were a violation of

7    California law cited above.

8      236.   DEFENDANTS had reasonable cause to believe that the information that

9    PLAINTIFF disclosed evidenced a violation of federal statue or regulation.

10      237.   PLAINTIFF had reasonable cause to believe that the foregoing were improper,

11   immoral, and illegal, and that PLAINTIFF's participation would result in violations of state and

12   federal statues, and violations of, or noncompliance with local, state, and federal rules and

13   regulations.

14      238.   As a result, PLAINTIFF was harmed.

15      239.   DEFENDANTS conduct was a substantial factor in causing PLAINTIFF's harm

16      240.   As a direct, foreseeable and proximate result of DEFENDANTS and each of their

17   behaviors, PLAINTIFF has suffered, and continues to suffer, substantial losses in past earnings,

18   bonuses, deferred compensation and other employment benefits, all to PLAINTIFF's damages in

19   an amount according to proof at trial.

20      241.   As further direct, foreseeable and proximate result of DEFENDANT and each of

21   their behaviors, PLAINTIFF has suffered and incurred, and is suffering and incurring, serious

22   harm and damages to PLAINTIFF's personal and professional reputation and credibility, and

23   DEFENDANTS, each of them, have subjected PLAINTIFF to such treatment, all to PLAINTIFF's

24   damage in an amount according to proof at trial.

25      242.   As further direct, foreseeable and proximate result of DEFENDANTS and each of

26   their behaviors, PLAINTIFF suffered, and continues to suffer, severe and lasting embarrassment,

27   humiliation, mental anguish, and emotional distress, and incidental and consequential damages and

28   expenses, all to PLAINTIFF's damage in an amount according to proof at trial.

COMPLAINT

1   243.   PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS

2   committed the acts described herein deliberately, callously, maliciously, fraudulently and in an

3   oppressive manner intended to injure PLAINTIFF and that such improper motives mounted to

4   malice and a conscious disregard of PLAINTIFF's rights. Therefore, PLAINTIFF is entitled to an

5   award of punitive damages against DEFENDANTS is therefore warranted.

6   244.   As a result of the retaliatory conduct of DEFENDNATS as alleged herein,

7   PLAINTIFF is entitled to costs of suits, including reasonable attorney's fees, pursuant to Code of

8   Civil Procedure § 1021.5, in according to proof at trial.

9
10
11

**FIFTEENTH CAUSE OF ACTION**
**Missed Meal and Rest Breaks**
**(Violation of Labor Code § 226.7)**
**[Against all DEFENDANTS]**

12   245.   PLAINTIFF repeats and realleges each and every allegation contained in

13   paragraphs 1 through 244, inclusive, and incorporates the same by reference as if fully set forth

14   herein.

15   246.  Labor Code section 201 provides that an employer must pay an employee all wages

16   due at the time of termination.

17   247.  Labor Code section 226.7 provides that employers must provide duty-free meal and

18   rest breaks to non-exempt employees.

19   248.  DEFENDANTS required PLAINTIFF to perform work during her required duty-free

20   meal and/or rest breaks.

21   249.  Labor Code section 226.7 states that, where no duty-free meal or rest breaks are

22   provided, compensation for missed meal and rest breaks is included in one's wages, and shall be

23   paid at the time of termination.

24   250.  DEFENDANTS owe PLAINTIFF one hour of pay for each day she missed her rest

25   breaks and for each day she missed at least one of her meal breaks.

26   251.  DEFENDANTS have failed and refused, and continue to fail and refuse, to pay the

27   amount due.  DEFENDANTS owe PLAINTIFF an amount to be proven at trial.

28   252.  Pursuant to Labor Code sections 226.7 and 201, PLAINTIFF requests the court award

- 32 -

COMPLAINT

1    her reasonable attorneys' fees and costs incurred by her in this action.

2        253. Pursuant to Labor Code sections 226.7 and 201, PLAINTIFF requests the court award

3    her interest on all due and unpaid wages, at a legal rate specified in Civil Code section 3289(b),

4    occurring from the date the wages were due and payable.

5                                    **PRAYER FOR RELIEF**

6        WHEREFORE, PLAINTIFF demands judgment against DEFENDANTS as follows:

7        1.      Actual damages, including loss of past and future earnings, bonuses, deferred

8    compensation, and other employment benefits in an amount according to proof at time of trial;

9        2.      General and special damages, including, but not limited to, pain and suffering,

10   emotional distress, loss of reputation and medical expenses, in an amount according to proof at

11   time of trial;

12       3.      For consequential and incidental damages and expenses according to proof;

13       4.      As to the First through Fourteenth Causes of Action, for punitive damages in an

14   amount appropriate to punish DEFENDANTS for their wrongful conduct and to set an example

15   for others;

16       5.      As to the First through Twelfth causes of action, attorney's fees pursuant to

17   Government Code section 12965(b).

18       6.      As to the fourteenth Cause of Action, for attorneys' fees pursuant to Labor Code

19   sections 1102.5 and to Code of Civil Procedure § 1021.5;

20       8.      As to the Fifteenth cause of action, for meal and rest break penalties pursuant to

21   the California Labor Code in an amount according to proof at trial;

22       9.      For pre-judgment and post-judgment interest, all at the legal prevailing rate;

23       10.     For costs of suit incurred herein; and

24       11.     For such other and further relief as the Court may deem just, proper, and equitable.

25   **DATED:  December 3, 2021**                **SESSIONS & KIMBALL LLP**

26

27                                              By /s/ Kristin A Webb
                                                Kristin A. Webb, Esq
28                                              Attorney for Plaintiff
                                                VIANEY CARACHURE
                                        - 33 -
                                      COMPLAINT

## **DEMAND FOR JURY TRIAL**

Plaintiff, VIANEY CARACHURE, demands a trial by jury in the above-entitled matter.

**DATED: December 3, 2021**                         **SESSIONS & KIMBALL LLP**


By/s/ Kristin A Webb
Kristin A. Webb, Esq
Attorney for Plaintiff,
VIANEY CARACHURE

- 34 -

COMPLAINT

# EXHIBIT A

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Vianey Carachure                                                  DFEH No. 202112-15542803

                               Complainant,

vs.

Interstate Management Company, LLC
125 E JOHN CARPENTER 600
Irving, TX 75062

Jeff Catubig
,

Brandon Wise
,

                               Respondents

─────────────────────────────────────

**1.** Respondent **Interstate Management Company, LLC** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.**Complainant is naming **Jeff Catubig** individual as Co-Respondent(s).
Complainant is naming **Brandon Wise** individual as Co-Respondent(s).

**3.** Complainant **Vianey Carachure**, resides in the City of , State of .

**4.** Complainant alleges that on or about **June 28, 2019**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's race, national origin (includes language restrictions), sex/gender, disability (physical or mental), sexual harassment- hostile environment, family care or medical leave (cfra), pregnancy, childbirth, breast feeding, and/or related medical conditions.

**Complainant was discriminated against** because of complainant's race, national origin (includes language restrictions), sex/gender, disability (physical or mental), other,

-1-
*Complaint – DFEH No. 202112-15542803*

Date Filed: December 3, 2021

DFEH-ENF 80 RS

1  pregnancy, childbirth, breast feeding, and/or related medical conditions, sexual harassment-
   hostile environment, family care or medical leave (cfra) and as a result of the discrimination
2  was terminated, reprimanded, suspended, denied any employment benefit or privilege,
   denied reasonable accommodation for a disability, denied accommodation for pregnancy,
3  other, denied work opportunities or assignments, denied or forced to transfer.

4  **Complainant experienced retaliation** because complainant reported or resisted any form
   of discrimination or harassment, requested or used a pregnancy-disability-related
5  accommodation, requested or used a disability-related accommodation, participated as a
   witness in a discrimination or harassment complaint, requested or used family care or
6  medical leave (cfra) and as a result was terminated, reprimanded, suspended, denied any
   employment benefit or privilege, denied reasonable accommodation for a disability, denied
7  accommodation for pregnancy, other, denied work opportunities or assignments, denied or
   forced to transfer.
8

9  **Additional Complaint Details:**
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                               -2-
                                    *Complaint – DFEH No. 202112-15542803*
27
   Date Filed: December 3, 2021
28
                                                              DFEH-ENF 80 RS

1  VERIFICATION

2  I, **Kristin Webb, Esq.**, am the **Attorney** in the above-entitled complaint.  I have read
3  the foregoing complaint and know the contents thereof.  The matters alleged are
   based on information and belief, which I believe to be true.

4
   On December 3, 2021, I declare under penalty of perjury under the laws of the State
5  of California that the foregoing is true and correct.

6                                                                    **Mission Viejo, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                            -3-
                              *Complaint – DFEH No. 202112-15542803*
27
   Date Filed: December 3, 2021
28
                                                                    DFEH-ENF 80 RS

# EXHIBIT B



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                   GAVIN NEWSOM, GOVERNOR
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

December 3, 2021

Vianey Carachure

,

RE:   **Notice of Case Closure and Right to Sue**
      DFEH Matter Number: 202112-15542803
      Right to Sue: Carachure / Interstate Management Company, LLC et al.

Dear Vianey Carachure:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective December 3, 2021 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete.  To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency          GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**          KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

Electronically Filed by Superior Court of California, County of Orange, 12/03/2021 08:22:21 PM.
30-2021-01234573-CU-WT-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trout, Deputy Clerk.

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Kristin A. Webb                                    SBN: 302740
Sessions & Kimball LLP
23456 Madero, Suite 170, Mission Viejo, CA 92691
TELEPHONE NO.:(949) 380-0900     FAX NO. (Optional): (949) 380-8283
E-MAIL ADDRESS: kaw@job-law.com
ATTORNEY FOR (Name): Vianey Carachure

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE | |
| STREET ADDRESS: 700 Civic Center Drive West | |
| MAILING ADDRESS: 700 Civic Center Drive West | |
| CITY AND ZIP CODE: Santa Ana, 92701 | |
| BRANCH NAME: Central Justice Center | |

CASE NAME: Vianey Carachure v. Interstate Management Company, LLC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | 30-2021-01234573-CU-WT-CJC |
| | | | JUDGE: Judge John C. Gastelum | |
| | | | DEPT.: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [X] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify):* Fifteen (15)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 12/03/21

Kristin A. Webb
_____
(TYPE OR PRINT NAME)                     ▶                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev.September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courts.ca.gov |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME: Central Justice Center | *FOR COURT USE ONLY*<br><br>**FILED**<br>*SUPERIOR COURT OF CALIFORNIA*<br>*COUNTY OF ORANGE* |
|---|---|
| PLANTIFF: Vianey Carachure | **Dec 6, 2021** |
| DEFENDANT: Interstate Management Company, LLC. | Clerk of the Court<br>By: Katie Trent, Deputy |
| Short Title: CARACHURE VS. INTERSTATE MANAGEMENT COMPANY, LLC. | |
| **NOTICE OF HEARING<br>CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2021-01234573-CU-WT-CJC |

Please take notice that a(n), <u>Case Management Conference</u> has been scheduled for hearing on <u>09/26/2022</u> at <u>08:45:00 AM</u> in Department <u>C11</u> of this court, located at <u>Central Justice Center</u>.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html

**QUAN TRỌNG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html

Clerk of the Court,  By: *Katie Trent* _____ , Deputy

**NOTICE OF HEARING**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92701

**SHORT TITLE:** CARACHURE VS. INTERSTATE MANAGEMENT COMPANY, LLC.

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER: |
|---|---|
| | **30-2021-01234573-CU-WT-CJC** |

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Santa Ana, California, on 12/06/2021. Following standard court practice the mailing will occur at Sacramento, California on 12/07/2021.

Clerk of the Court, by: _Katie Trent_ , Deputy

SESSIONS & KIMBALL LLP
23456 MADERO # 170
MISSION VIEJO, CA 92691

---

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

Page: 2

V3 1013a (June 2004)

Code of Civil Procedure , § CCP1013(a)

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the
ADR Information Package along with the complaint and/or cross-complaint.

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint,
an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR
and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to
any applicable local court rules and directions for contacting any    court    staff
responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution  programs    funded
under the Dispute Resolutions Program Act    (DRPA),    in    counties    that    are
participating in the DRPA. This information may take the form of a list of    the
applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR
process.

(b) A court may make the ADR Information Package available on its website as long as
paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant
along with the complaint. Cross-complainants must serve a copy of the ADR
Information Package on any new parties to the action along with the cross-complaint.

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

ADR Information

Introduction.

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

Save Time. A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

Save Money. When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

Increase Control Over the Process and the Outcome. In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

Preserve Relationships. ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

Increase Satisfaction. In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

Improve Attorney-Client Relationships. Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

Loss of protections. If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

Less discovery. There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

Additional costs. The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Effect of delays if the dispute is not resolved. Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

Arbitration. In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

    Cases for Which Arbitration May Be Appropriate. Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

    Cases for Which Arbitration May Not Be Appropriate. If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

Mediation. In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

    Cases for Which Mediation May Be Appropriate. Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

    Cases for Which Mediation May Not Be Appropriate. Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

Neutral Evaluation. In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

Cases for Which Neutral Evaluation May Be Appropriate. Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

Cases for Which Neutral Evaluation May Not Be Appropriate. Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

Settlement Conferences. Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, at 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Low cost mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA). For information regarding DRPA, contact:
- OC Human Relations (714) 480-6575, mediator@ochumanrelations.org
- Waymakers (949) 250-4058

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY:   STATE BAR NO.:<br>NAME:<br>FIRM NAME:<br>STREET ADDRESS:<br>CITY:      STATE:     ZIP CODE:<br>TELEPHONE NO.:    FAX NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (name): | FOR COURT USE ONLY<br><br>For your protection and privacy, please press the Clear This Form button after you are done printing this form. |
|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13ᵗʰ Street, Westminster, CA 92683-4593

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s), _____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
    ☐ Under section 1141.11 of the Code of Civil Procedure
    ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an Order on Court Fee Waiver (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court, rule 3.720 et seq.

Date:_____  _____  _____
    (SIGNATURE OF PLAINTIFF OR ATTORNEY)  (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date:_____  _____  _____
    (SIGNATURE OF DEFENDANT OR ATTORNEY)  (SIGNATURE OF DEFENDANT OR ATTORNEY)

ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION